UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN W. DUNIGAN,<br><br>                Petitioner,<br><br>        v.<br><br>JEFFREY BEARD,<br><br>                Respondent. | No.  2:16-cv-0048 KJN P<br><br>ORDER & FINDINGS & RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of error coram nobis, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  See 28 U.S.C. § 1915(a).

Petitioner challenges his Sacramento County conviction for the first degree murder of Gary Viers.

"Coram nobis is an extraordinary writ that usually is available only to petitioners who have fully served their sentences" and may issue under the All Writs Act, 28 U.S.C. § 1651(a). United States v. Monreal, 301 F.3d 1127, 1131–32 (9th Cir. 2002).  The writ may be issued by a federal court only with respect to a federal criminal sentence.  See Yasui v. United States, 772 F.2d 1496, 1498 (9th Cir. 1985) ("The writ of error coram nobis fills a void in the availability of

1

post-conviction remedies in federal criminal cases."); Hensley v. Municipal Court, 453 F.2d 1252, 1252 n. 2 (9th Cir. 1972) (holding that, even though habeas jurisdiction was lacking, a petition could not be treated as "one seeking coram nobis because [petitioner] seeks to challenge a state court proceeding in federal court" and "[c]oram nobis lies only to challenge errors occurring in the same court"), rev'd on other grounds by 411 U.S. 345 (1973).

For the reasons set forth above, the undersigned finds that petitioner cannot bring a petition for writ of error coram nobis to challenge his state court conviction. Accordingly, the petition is construed as a habeas corpus petition pursuant to 28 U.S.C. § 2254.

Court records indicate that petitioner previously filed a habeas corpus petition in this court challenging his Sacramento County conviction for the first degree murder of Gary Viers, i.e., CIV S 11-cv-961 MCE EFB P. On August 5, 2013, CIV S 11-cv-961 MCE EFB P was denied on the merits and judgment was entered.

Rule 9 of the Federal Rules Governing Section 2254 Cases provides that before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4). In the instant case, petitioner has not demonstrated that he has obtained an order from the Ninth Circuit Court of Appeals authorizing him to proceed with this second or successive petition. For this reason, the undersigned recommends that this action be dismissed.

Petitioner has also filed a motion for the appointment of counsel. Because the undersigned recommends that this action be dismissed, the motion for appointment of counsel is denied.

Accordingly, IT IS HEREBY ORDERED:

1. The Clerk of the Court is directed to appoint a district judge to this action;

2. Petitioner's application to proceed in forma pauperis (ECF No. 2) is granted;

3. Petitioner's motion for appointment of counsel (ECF No. 4) is denied; and

IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 21, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Dun58.dis